*Electronically filed*
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

Civil Action No. _____

WILLIAM LEONARD                                                                                    PLAINTIFF

v.

FEDEX CORPORATION EMPLOYEES'
PENSION PLAN; and
FEDEX CORPORATION                                                                           DEFENDANTS

## COMPLAINT

The plaintiff, William Leonard, through counsel, for his Complaint against the FedEx Corporation Employees' Pension Plan, and against FedEx Corporation, as administrator of the FedEx Corporation's Employee's Pension Plan, states as follows:

### Parties and Jurisdiction

1. William Leonard is an individual residing in Woodford County, Kentucky. He is the widower of Dale C. Leonard ("Ms. Leonard"), who died on March 17, 2017. At the time of her death, Ms. Leonard was a participant in the FedEx Corporation Employees' Pension Plan, and the Plaintiff was designated as her beneficiary in such Plan and hence was and is a "beneficiary" of such Plan as defined at 29 U.S.C. § 1002(8).

2. Defendant, Fed Corporation Employees' Pension Plan (the "Plan") is a "pension plan" as defined at 29 U.S.C. § 1002(2). FedEx Corporation is the "plan sponsor" of the Plan as defined at 29 U.S.C. § 1002(16)(B), and is designated as plan administrator in the Plan document. The Plan may be served by service on FedEx Corporation as administrator, via its agent for service of process, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

3. FedEx Corporation ("FedEx") is the Plan's administrator, as defined by 29 U.S.C. § 1002(16)(A), and is charged under ERISA with administering the Plan in accordance with the terms of the Plan and ERISA. FedEx may be served by service on its agent for service of process, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

4. The Plaintiff brings this action against the Plan under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits under the Plan, and/or to clarify his rights to future benefits under the Plan, and under ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A) to recover for the failure of FedEx as Plan administrator to provide documents to the Plaintiff under 29 U.S.C. § 1132(c) and 29 U.S.C. § 1024(b)(4). This Court has subject matter jurisdiction over this action because it involves a federal question, and it may assert personal jurisdiction over the Defendants, because they undertook to administer an ERISA plan that affected participants and beneficiaries residing in Woodford County, Kentucky. Venue is proper in the Eastern District of Kentucky, Central Division.

***Count I--Claim For Benefits Under 29 U.S.C. § 1132(a)(1)(B)***

5. The Plan was amended on or about December 1, 2016 via the First Amendment to the Plan (as Amended and Restated Effective June 1, 2015) to allow certain "Eligible Participants" to "elect to commence their deferred vested [pension benefit] in the form of a lump sum," known as the "Special Election." Ms. Leonard was such an "Eligible Participant," as set forth in Section II of the aforesaid First Amendment to the Plan, which establishes an Appendix H to the Plan that explains the Special Election. The terms of Appendix H allowed Eligible Participants who exercised their to accept the offer to participate in the Special Election between the period beginning January 9, 2017 and ending on February 24, 2017, and those Eligible Participants would receive their lump sum payment effective as of May 1, 2017.

6. Ms. Leonard submitted to the Plan her acceptance of the offer to participate in the Special Election in a timely manner for said distribution, which the Plan informed her would be in the amount of $72,390.56, the Actuarial Equivalent of her retirement benefit at that date.

7. On March 17, 2017, after Ms. Leonard had accepted the offer to participate in the Special Elections, but before the designated Annuity Starting Date for the Special Election, Ms. Leonard died as a result of an automobile accident.

8. Ms. Leonard had designated the Plaintiff as beneficiary of her Plan benefits.

9. The Plaintiff as beneficiary made a claim for benefits under the Plan to the aforesaid $72,390.56, but the Plan denied that claim by letter of April 3, 2018. The Plan informed the Plaintiff that he was only eligible for lump-sum value of the survivor annuity of Ms. Leonard's benefit, in an amount substantially less than $72,390.56.

10. The Plaintiff made a request for review of this adverse benefit determination by letter dated May 21, 2018, but the Plan or its fiduciaries never ruled on that appeal. The Plaintiff has exhausted his administrative remedies, including under 29 CFR 2560.503-1(l)(1), and he is entitled to bring this claim for benefits under the Plan. *See* 29 U.S.C. § 1132(a)(1)(B) and 29 CFR § 2560.503-1(l).

11. Under the explicit language of Appendix H to the Plan, the Plan's stated reason for the denial of the Plaintiff's claim for benefits is inconsistent with the clear and unambiguous terms of the Plan. In specific, Plan section 5.02(b) provides that the Participant's surviving Spouse may elect to receive the Actuarial Equivalent present value of the death benefit in the form of a lump sum distribution.

12. As a result of the foregoing, the plaintiff has suffered losses in the amount of approximately $72,390.56 as of May 2017, plus prejudgment interest from that date until paid.

13. The Plaintiff is entitled to a judgment against the Plan for such amount and prejudgment interest, is further entitled to an award of attorneys' fees under ERISA § 502(g) in an amount to be proven.

*Count II--Claim Under 29 U.S.C. § 1132(a)(1)(B)*
*For Violation Of 29 U.S.C. § 1132(c) and 29 U.S.C. § 1024(b)(4)*

14. The Plaintiff incorporates here the allegations set forth above in paragraphs 1-13.

15. The Plan designates FedEx as Plan Administrator.

16. On August 11, 2017, the Plaintiff (through counsel), having had his telephone requests ignored, made a written request to FedEx for the plan documents (the "Plan Documents"), including specifically any amendments to the Plan that pertained to this claim. FedEx failed and refused to produce the full set of Plan Documents, including specifically Appendix H. The Plaintiff's counsel followed up with several communications, including specifically a letter of October 10, 2017, again requesting such documents. FedEx finally produced the full set of Plan Documents to the Plaintiff on or about June 13, 2018.

17. 29 U.S.C. § 1024(b)(4) requires a plan administrator to provide certain documents to any participant upon request: "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the . . . trust agreement, contract, or other instruments under which the plan is established or operated."

18. Under 29 U.S.C. § 1132(c), a plan administrator is liable to a beneficiary who requests plan documents, as the Plaintiff has here, for up to $100/day for not producing the plan documents within 30 days of the request. As required by the Debt Collection Improvement Act of 1996, the $100 limit has been increased to $110 for violations after July 29, 1997. 62 Fed. Reg. 40696.

19. FedEx's failure and refusal as Plan Administrator to provide copies of the Plan Documents to the Plaintiff caused him to expend thousands of dollars on attorneys' fees to secure the Plan Documents, all of which were unnecessary, and the effort was particularly troubling to the Plaintiff in light of the unexpected death of his wife and a civil action for negligence against her tortfeasor.

20. The Plan Documents should have been produced to the Plaintiff by September 13, 2017 (33 days after the August 11, 2017 letter was mailed). FedEx is thus liable to the plaintiff for $110/day from September 13, 2017 to June 13, 2018, the date that the Plan Documents were finally provided, or $30,030 for 273 days, plus attorney's fees under ERISA § 502(g).

WHEREFORE, Plaintiff, William Leonard, requests the Court grant him the following relief from Defendants, FedEx Corporation Employees' Pension Plan and FedEx Corporation:

(a) a judgment against Defendant, FedEx Corporation Employees' Pension Plan, in the amount of $72,390.56 on Count I, plus prejudgment interest;

(b) a judgment against FedEx Corporation in the amount of $30,030 under 29 U.S.C. § 1132(c), on Count II;

(d) his costs and attorney's fees under 29 U.S.C. § 1132(g); and

(e) all other relief to which he is entitled, including a *de novo* review of the decision to deny the benefits claim.

/s/ E. Douglas Richards
E. Douglas Richards
E. Douglas Richards, PSC
Chevy Chase Plaza
836 Euclid Avenue, Suite 321
Lexington, KY  40502
859-259-4983
edr@richardslawky.com
Counsel for Plaintiff